IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No.:  21-80010** |
| | § | |
| **JOHN THOMAS MAXFIELD** | § | **(Chapter 7)** |
| | § | |
| **Debtor** | § | |

**TRUSTEE'S APPLICATION TO EMPLOY BK GLOBAL REAL ESTATE SERVICES**
**AND REAL ESTATE BROKER AND AGENT, KEVIN RILES**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU.   YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.   IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.    UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**NOTICE OF HEARING**

**A VIRTUAL HEARING ON THIS MOTION IS SET FOR JUNE 30, 2021 AT 1:30 P.M. (CST) BEFORE THE HONORABLE JEFFREY P. NORMAN. TO PARTICIPATE IN THE HEARING BY AUDIO CONFERENCE, YOU MUST DIAL (712)770-8095, AND ENTER CONFERENCE CODE 159497.**

3087651:MAXFIELD-0002

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCFY JUDGE:**

COMES NOW, Janet S. Northrup, Chapter 7 (the "**Trustee**") for the above entitled and numbered bankruptcy case and submits her *Application to Employ BK Global Real Estate Services and Real Estate Broker and Agent, Kevin Riles* (the "**Application**").  In support of her Application, Trustee Northrup would show the Court as follows:

## PRELIMINARY STATEMENT

1.      Trustee requests approval to retain BK Global Real Estate Services ("**BKRES**") and Kevin Riles Commercial ("**Listing Agent**") (individually and collectively referred to as "**Broker**" or "**Brokers**"), at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which it is believed the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) negotiate secured creditor's waiver the resulting deficiency claim, and (3) negotiate an 11 U.S.C. §506 surcharge to provide (i) payment of Chapter 7 expenses including the Trustee's compensation and expenses and the Trustee's professionals' fees and expenses, (ii) a carve out for the benefit of unsecured creditors of the estate, and (iii) payment of all other sale expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent and buyer's agent only upon the closing of a sale that is approved by this Court.

2.      The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as an 11 U.S.C. § 506 surcharge approved by this Court.

## JURISDICTION

3.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

4.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

5.      On January 22, 2021, John Maxfield (the "**Debtor**") commenced this case by filing a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. The case converted to Chapter 7 on March 11, 2021.  Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.  The initial creditors meeting was held on May 6, 2021 and continued to May 27, 2021.

6.      The Debtor is the sole owner of real property located at **9623 Emerald Lakes Dr Rosharon, TX 77583** (the "**Property**").

7.       The Trustee is informed and believes that there is little or no equity in the Property.

## PROPOSED EMPLOYMENT

8.      The Trustee has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain secured creditor's agreement and consent ("**Consent**") to do the following, with the proviso that the hired professionals, BKRES and Local Agent, shall not participate in the sale and purchase of any estate property except as hired Brokers:

> i.   sell the Property to whichever third-party Trustee determines to have made the best qualified offer during a public sale approved by the Court:
>
> ii.  obtain a release from secured creditors and waivers of all of their claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

      iii.   obtain the secured creditor's agreement to an 11 U.S.C. § 506 surcharge to (i) pay all of the customary expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and buyer's agent and reimbursement of their out-of-pocket expenses, (ii) pay the Trustee's compensation and expenses and her professionals' fees and expenses for services rendered in the above-referenced case, and (iii) provide a meaningful carve-out for the benefit of allowed unsecured creditors of the Debtor's estate.

9.      The Trustee also has determined it to be in the best interest of the Debtor's estate and all creditors to request authorization to engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property and to reimburse the Brokers in a maximum amount not to exceed $500.00 for any approved reasonable, necessary out-of-pocket costs and expenses incurred by Brokers associated with property preservation, maintenance, and upkeep of the subject Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order.

10.     Trustee expects BKRES and Listing Agent to obtain secured creditor's full, final and unconditional Consent and to bring a separate motion seeking an order approving the sale of the Property (the "**Motion to Approve Sale**") as soon as reasonably possible after the entry of the order sought by this Application.

11.     By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (i) retain BKRES and Listing Agent to provide the necessary professional assistance and representation required by the Trustee to fulfill the Trustee's duties pursuant to 11 U.S.C. § 704 in order to procure secured creditor's Consent, (ii) engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property to facilitate the sale of the Property for the benefit of the secured creditor(s) and bankruptcy estate, (iii) reimburse Brokers in the maximum amount not to exceed $500.00 for any Trustee-approved, out-of-pocket

costs incurred by Brokers associated with property preservation, maintenance, and upkeep of the subject Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order, and (iv) approve secured creditor's payment of the 6% brokers fees described herein directly to BKRES and Listing Agent and buyer's agent at closing of the sale of the Property in connection with a Court-approved sale of the Property.

## AUTHORITY

12.     Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee… or a professional person employed under section 327…(A) reasonable compensation for actual, necessary services rendered [by such party]… and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

13.     As further described in the attached exhibits, BKRES[1] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

14.     The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best

---

[1] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

interest of the Debtor's estate, but can only be achieved if secured creditor's Consent is first obtained. That is why the Trustee believes that retaining BKRES and Listing Agent to obtain secured creditor's Consent is in the best interests of the Debtor's estate.

15.     In no event will the estate have any obligation to pay BKRES or Listing Agent for their services, or to pay for customary title and closing services. The terms of the BK Global Co-Listing Agreement and Residential Real Estate Listing Agreement Exclusive Right to Sell, attached hereto as **Exhibit "1"** and **Exhibit "2"**, and this Application provide that BKRES and Listing Agent are only entitled to payment if and when (i) secured creditor grants its Consent, (ii) a motion to approve sale is granted, and (iii) the Property is sold, in which event BKRES and Listing Agent and buyer's agent will receive and share a 6% real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses and payment for all other expenses associated with the sale of the Property from the sale proceeds at closing in accordance with the order approving the sale.

16.     BKRES and Listing Agent will not be entitled to any fees if secured creditor does not grant its Consent or the Court does not grant a motion to approve sale of the Property.

17.     The Trustee submits that the terms of employment and compensation as set out in the BK Global Co-Listing Agreement and Residential Real Estate Listing Agreement Exclusive Right to Sell are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

18.     BKRES attests that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as **Exhibit "3"** is an Affidavit of Disinterestedness of BKRES. BKRES also

attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent, or a buyer's Agent, if applicable.

19.     Listing Agent attests that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as **Exhibit "4"** is a Declaration of Kevin Riles of No Conflict of Interest and Rule 2016(b) Disclosure. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES, or a buyer's Agent, if applicable.

**WHEREFORE, PREMISES, CONSIDERED,** Janet S. Northrup, Chapter 7 Trustee, requests the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangement set forth in the BK Global Co-Listing Agreement and Residential Real Estate Listing Agreement Exclusive Right to Sell and this Application pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code. and for such other and further relief as is just.

Dated:  May 27, 2021.

Respectfully submitted,

/s/ Heather Heath McIntyre
Wayne Kitchens              TBN: 1154110
wkitchens@hwallp.com
Heather Heath McIntyre       TBN: 24041076
hmcintyre@hwallp.com
HUGHESWATTERSASKANASE, LLP
1201 Louisiana St., 28th Floor
Houston, Texas 77002
Telephone (713) 759-0818
Telecopier (713) 759-6834
**ATTORNEYS FOR JANET S. NORTHRUP, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all parties in interest listed on the attached service list by ECF electronic means, if available, otherwise by U. S. mail, first class, postage prepaid, on this the 27th day of May, 2021.


/s/ Heather McIntyre
Heather McIntyre